# WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY
## v.
## ANN MORAN, Adm'x, etc.

1. INSTRUCTION—ASSUMPTION OF FACTS.—The instruction given in this case is erroneous because, while the evidence tended to show mutual negligence, it, in effect, assumes or asserts as a fact that deceased at the time of his death was in the exercise of reasonable and ordinary care and prudence, and was ignorant of the defects of the brake.

2. THE SAME—DEFECT IN MACHINERY.—The instruction is also erroneous in holding that defendant would be liable if the defect causing the injury was one which, by the exercise of reasonable and ordinary care *could* have been discovered and corrected. The jury should have been left to say what, in their judgment, would have been discovered by the exercise of ordinary care, not what *could* have been thus discovered.

3. DOCTRINE OF COMPARATIVE NEGLIGENCE.—A plaintiff, though guilty of negligence contributing to the injury complained of, may still recover if his negligence is slight and that of the defendant gross in comparison therewith. But to entitle a plaintiff to recover under this rule, there must be no want of ordinary care on his part. As the instruction appears to hold that the plaintiff, though guilty of slight negligence, may recover if the defendant is shown to be guilty of only ordinary negligence, it is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN WILLIAMSON, Judge, presiding. Opinion filed June 27, 1883.

W., St. L. & P. R'y Co. v. Moran.

Messrs. SLEEPER & WHITON, for appellant; cited R. S. 1880, Ch. 70; Elliott v. R. R. Co. 67 Mo. 272.

Knowledge, on the part of the master, of the defect in the machinery or inexcusable ignorance on his part, and want of knowledge or excusable ignorance on the part of the servant, must combine to create liability on the part of the master: 2 Thompson on Negligence, 995; Shearman & Redfield on Negligence, §§ 94, 96; T. W. & W. Co. v. Fredericks, 71 Ill. 297; I. C. R. R. Co. v. Jewell, 46 Ill. 99; T. W. & W. R. R. Co. v. Eddy, 72 Ill. 138; C. & N. W. R'y Co. v. Jackson, 55 Ill. 495; R. R. Co. v. Platt, 89 Ill. 141; St. Louis & S. E. R. R. Co. v. Britz, 72 Ill. 256; Camp Point Co. v. Ballou, 71 Ill. 417; R. R. Co. v. Flanigan, 77 Ill. 365; R. R. Co. v. Troesch, 78 Ill. 545; R. R. Co. v. Rush, 84 Ill. 570; Richardson v. Cooper, 88 Ill. 270; E. St. Louis Co. v. Hightower, 92 Ill. 139; DeGraff v. R. R. Co. 76 N. Y. 125; Paniton v. R. R. Co. 83 N. Y. 7; Smith v. R. R. Co. 42 Wis. 520; R. R. Co. v. Austin, 40 Mich. 247; R. R. Co. v. Schertle, 97 Penn. 450; R. R. Co. v. Doyle, 49 Tex. 190; R. R. Co. v. Kenny, 58 Ga. 485; R. R. Co. v. Barber, 5 Ohio, 541; Dillon v. R. R. Co. 3 Dillon, 319; Hayden v. Smithville Co. 29 Conn. 548; R. R. Co. v. Webb, 12 Ohio, 475; Smith v. Potter, 46 Mich. 258; R. R. Co. v. Smithson, 45 Mich. 212.

Appellant was entitled to have his motion granted that the evidence offered by the plaintiff should be excluded from the consideration of the jury: Poleman v. Johnson, 84 Ill. 269; Martin v. Chambers, 84 Ill. 579; Philips v. Dickerson, 85 Ill. 11; Guerdon v. Corbett, 87 Ill. 272; Pemberton v. Williams, 87 Ill. 15; Shacklett v. Moran, 15 Chicago Legal News, 173.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; that a car inspector and brakeman are not fellow employes in the same line of employment, cited T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 314; P. Ft. W. & C. R. R. Co. v. Powers, 74 Ill. 341; C. & N. W. R'y Co. v. Moranda, 93 Ill. 302; Smith v. C. M. & St. P. R. R. Co. 42 Wis. 526; Ford v. Fitchburg R. R. Co. 110 Mass. 260; Corcoran v. Holbrook, 59 U. S. 520; Flike v. B. & O. R. R. Co. 53 N. Y. 549; Fifield v. N. R. R. Co. 42 N. H. 237.

As to the duty of a railroad to its employes: 2 Thompson on Negligence, 985; T. P. & W. R'y Co. v. Conroy, 68 Ill. 569; King v. N. Y. C. R. R. Co. 4 Hun, 769; Wedgwood v. C. & N. W. R'y Co. 41 Wis. 478; Noyes v. Smith, 28 Vt. 59; Shanny v. Androscoggin, etc. 66 Me. 420; Jetter v. N. Y. & H. R. R. R. Co. 41 N. Y. 160; Mad River & L. E. R. R. Co. v. Barber, 5 Ohio, 565.

BAILEY, P. J. This suit was brought by Ann Moran, administratrix of Joseph Moran, deceased, against the Wabash, St. Louis & Pacific Railway Company, to recover damages for the death of the plaintiff's intestate, caused, as is alleged, by the negligence of the defendant. The deceased, at the time of his death, was in the defendant's employ as a brakeman on one of its freight trains, and while standing on one of the cars of said train, endeavoring to set a brake, fell or was thrown to the ground and instantly killed. The evidence tends to show that a small wedge of iron or "key" by which the rachet, which held the brake when set, was fastened to the shaft of the brake, had become worn and loosened, and that in consequence of such defect, the brake, while being set, gave way, so as to cause the deceased to fall from the car. The declaration charges that the defendant was negligent in placing in said train said car, the brake upon which was so negligently, improperly and defectively constructed, and so negligently and improperly permitted to become and remain worn and out of repair, as to become and be unsafe and dangerous, and that by means thereof the deceased was thrown from the car and killed.

The deceased is charged with negligence in the manner in which he was endeavoring to set the brake. The evidence tends to show that he had in his hands a short wooden lever, and that he was using such lever in tightening the brake, and also that the use of a lever for that purpose was without the knowledge or approval of the defendants, and was unusual and dangerous.

The evidence thus tending to show mutual negligence, the court, at the instance of the plaintiff, gave to the jury, among other instructions, the following:

"The jury are instructed, as matter of law, that the defendant would not be liable for an injury resulting from a defect which, by the exercise of ordinary and reasonable care, it could not have discovered and corrected; and if an injury occurs from a defect in a car, in their train which, by the exercise of reasonable and ordinary care, it could have discovered and corrected, then the defendant would be liable for any injury resulting therefrom, to a person who was at the time in its employ in the line of his duty under such employment, and who at the time of such injury, was in the exercise of reasonable and ordinary care and prudence himself, and ignorant of said defect."

The jury found the defendant guilty, and assessed the plaintiff's damages at $3,000, for which sum and costs the plaintiff had judgment.

As the foregoing instruction is clearly erroneous, so as to necessitate a reversal of the judgment, we forbear to express any opinion as to the weight or effect of the evidence, but leave those questions for the consideration of another jury.

A minor objection to the instruction is, that it, in effect, assumes or asserts as a fact, that the deceased, at the time of his death, was in the exercise of reasonable and ordinary care and prudence, and was ignorant of the defects in the brake.    These facts are not submitted to the jury as hypothesis based upon the evidence, but it is assumed that the person injured was in the exercise of that degree of care, leaving it to the jury to determine merely whether the person assumed to be thus careful was injured in the manner indicated in the instruction.

Another criticism which may properly be made to the instruction is, that it holds the defendant liable if the defect causing the injury was one which, by the exercise of reasonable and ordinary care, could have been discovered and corrected.    The language here employed is more objectionable than that commented upon, and disapproved by this court in Moody v. Peterson, 11 Bradwell, 180, and what was said there applies with even greater force here.    It would be difficult to conceive of a defect in machinery, not entirely latent

and hidden beyond the range of ordinary observation or inspection, which could not, as a matter of possibility, be discovered by reasonable and ordinary care. But that is not the criterion by which the exercise of reasonable and ordinary care is to be determined. The jury should have been left to say what in their judgment would have been discovered by the exercise of ordinary care, not what could have been thus discovered.

But the more serious difficulty with the instruction is, that it entirely misstates the rule of law applicable to cases like the present, where the evidence tends to charge both parties with contributory negligence. The rule stated is, that a recovery may be had where the plaintiff has and the defendant has not exercised reasonable and ordinary care. The doctrine of comparative negligence prevailing in this State, and which has been so often stated and precisely defined, is, that a plaintiff, though guilty of negligence contributing to the injury complained of, may still recover, if his negligence is slight, and that of the defendant gross in comparison therewith. But to entitle a plaintiff to recover under this rule, there must be no want of ordinary care on his part. C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Id. 576; I. C. R. R. Co. v. Heatherington, 83 Id. 510; C. B. & Q. R. R. Co. v. Johnson, 103 Id. 512, and cases cited; C. & N. W. R'y Co. v. Thorson, 11 Bradwell, 631. The "slight negligence" contemplated by the rule must, therefore, be a degree of negligence less than a failure to exercise ordinary care, and is a degree of which the plaintiff may be guilty, even though in the exercise of ordinary care.

The rule laid down in the instruction, then, would allow the plaintiff to recover, though chargeable with slight negligence, provided the defendant was guilty of a want of ordinary care. Negligence, according to the classification laid down by eminent law writers, and adopted and approved by the Supreme Court in C. B. & Q. R. R. Co. v. Johnson, *supra*, may be of three degrees, viz.: " slight negligence," which is defined to be the want of great care and diligence, " ordinary negligence," which is the want of ordinary care and diligence, and " gross

negligence," which is the want of even slight care and diligence. Several cases are to be found, it is true, which seem to hold, that a want of ordinary care and diligence is gross negligence, but all such cases must be held to be overruled by the case last cited.

The instruction thus appears to hold, that the plaintiff, though guilty of slight negligence, may recover, if the defendant is shown to be guilty of only ordinary negligence. This, according to the latest decision of the Supreme Court, is clearly and fatally at variance with the doctrine of comparative negligence prevailing in this State. For the giving of said instruction, the judgment will be reversed and the cause remanded.

$\hfill$ Judgment reversed.